Jack Silver, SBN 160575
Law Office of Jack Silver
Nancy Kay Webb, SBN 226001
Post Office Box 5469
Santa Rosa, California 95402-5469
Telephone: (707) 528-8175
Facsimile: (707) 528-8675
E-mail: lhm28843@sbcglobal.net
        nkwebb@mcn.org

Michael R. Lozeau SBN 142893
Douglas J. Chermak SBN 233382
Law Office of Michael R. Lozeau
1516 Oak Street, Suite 216
Alameda, CA 94501
Tel. (510) 749-9102
Fax. (510) 749-9103
E-mail: mrlozeau@lozeaulaw.com
        djchermack@lozeaulaw.com

Paul S. Silver SBN 78150
Law Office of Paul S. Silver, APC
815 5th Street, Suite 200
Santa Rosa, CA 95404
Tel. (707) 527-8811
Fax. (707) 527-5443
E-mail: paulsilverlaw@yahoo.com

Attorneys for Plaintiffs
NORTHERN CALIFORNIA RIVER WATCH,
ROBERT. G. EVANS, DOUGLAS RAND EMERY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation; ROBERT G. EVANS DOUGLAS RAND EMERY, Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, UNITED STATES ARMY CORPS OF ENGINEERS, and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION**<br>[Endangered Species Act - 16 U.S.C. § 1531 et seq.] |

NOW COME Plaintiffs, NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation; ROBERT. G. EVANS, DOUGLAS RAND EMERY as Individuals (hereafter, "PLAINTIFFS") by and through their attorneys, and for their Complaint against Defendants, UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, UNITED STATES ARMY CORPS OF ENGINEERS, and DOES 1-10, INCLUSIVE, (hereafter, "DEFENDANTS"), state as follows:

## I. INTRODUCTION

1. This is civil action brought by PLAINTIFFS under the federal Endangered Species Act (hereafter, "ESA"), 16 U.S.C. § 1531 et seq., specifically 16 U.S.C. § 1540(g)(1)(A), to stop DEFENDANTS from ongoing violations of the ESA and of California law in violation of the ESA. These violations are detailed in the May 17, 2007 Notice of Violations and Intent to File Suit, hereinafter identified in this Complaint.

2. PLAINTIFFS seek declaratory relief, injunctive relief to prohibit future violations, the imposition of civil penalties, and other relief for DEFENDANTS' violations of the ESA as described in this Complaint.

3. Under 16 U.S.C. § 1531, Congress declared its purposes and policy in regard to the ESA. Congress, having found that various species of wildlife, fish and plants in the United States had become extinct as a result of "economic growth and development untempered by adequate concern and conservation," enacted the ESA, 16 U.S.C. § 1531 (a)(1), the purpose of which is to provide a program for conserving endangered and threatened species and the ecosystems upon which such species depend. 16 U.S.C. § 1531(b)

## II. JURISDICTIONAL ALLEGATIONS

4. Subject matter jurisdiction is conferred upon this Court by ESA § 11(g)(1)(A), 16 U.S.C. § 1540(g)(1)(A), which states in part, "any person may commence a civil suit on his own behalf...(A) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this Act or regulation issued under the authority thereof..." The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship

of the parties, to enforce any such provision or regulation or to order the Secretary to perform such act or duty, as the case may be. Under the ESA "person" means, inter alia, an individual, corporation, partnership, trust, association, or any other private entity. ESA § 3, 16 U.S.C. § 1532. "Secretary" refers to the Secretary of the Interior who, acting through the United States Fish and Wildlife Service, has jurisdiction over *Limnanthes vinculans*, Sebastopol meadowfoam, (hereafter, "Sebastopol meadowfoam").

5.   On or about May 17, 2007 PLAINTIFFS provided notice of DEFENDANTS' violations of the ESA, and of PLAINTIFFS' intent to file suit against DEFENDANTS due to said violations, ("NOTICE") to (a) DEFENDANTS, (b) the United States Secretary of the Interior, (c) the United States Fish and Wildlife Service, and (f) the United States Army Corps of Engineers. A true and correct copy of the NOTICE is attached hereto as EXHIBIT A and fully incorporated into this Complaint.

6.   PLAINTIFFS reside in the vicinity of, derive livelihoods from or own property near the proposed development situs of the DEFENDANTS' violations which are the subject of this Complaint and identified in the NOTICE. The esthetic, ecological, educational, historical, recreational, and scientific interests of PLAINTIFFS may be, have been, are being, and will continue to be adversely affected by DEFENDANTS' unlawful violations of the ESA as alleged in this Complaint. Congress has declared endangered species of fish, wildlife and plants to be intrinsically valuable to the Nation and its people. 16 U.S.C. § 1531(a)(3). Thus, PLAINTIFFS contend there exists an ongoing injury in fact to themselves as well as to the public at large, causation of that injury being DEFENDANTS' complained of conduct herein, and a likelihood that the requested relief will redress that injury.

7.   The United States is not currently prosecuting any criminal action to redress DEFENDANTS' violations as alleged in this Complaint, nor has the Secretary of the Interior acted to impose a penalty pursuant 16 U.S.C. § 1540(a). Therefore this action may be commenced in accord with ESA § 11(g)(2)(A)(iii)(ii) and (iii); 16 U.S.C. § 1540 (g)(2)(A)(ii) and (iii).

### III. INTRADISTRICT ASSIGNMENT

8.   The basis for assignment of this case to the Northern District of California, pursuant to 16

U.S.C. § 1540(g)(3)(A), is that the violations of ESA complained of herein and the development situs of said violations are located within this District.

## IV. PARTIES

9. Plaintiff NORTHERN CALIFORNIA RIVER WATCH is now and was at all times mentioned in this Complaint, a 501(c)(3) non-profit public benefit corporation duly organized under the laws of the State of California. Its headquarters are located in the City of Sebastopol, Sonoma County, California. NORTHERN CALIFORNIA RIVER WATCH is dedicated to protecting, enhancing and helping to restore the waters of Northern California, including its drinking water sources, groundwater, rivers, creeks, tributaries, wetlands and vernal pools. Many of its members live in the City of Sebastopol and other areas of Sonoma County.

10. Plaintiff ROBERT G. EVANS is now, and was at all times mentioned in this Complaint, an individual residing in Sebastopol, Sonoma County, California.

11. Plaintiff DOUGLAS RAND EMERY is now, and was at all times mentioned in this Complaint, an individual residing in Sebastopol, Sonoma County, California.

12. PLAINTIFFS are informed and believe and on such information and belief allege that Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is a government entity having Headquarters in Washington, D.C.

13. PLAINTIFFS are informed and believe and on such information and belief allege that Defendant, UNITED STATES FISH & WILDLIFE SERVICE, is a Bureau in the UNITED STATES DEPARTMENT OF THE INTERIOR, having Headquarters located in Washington D.C. and a Regional Operations Office located in Sacramento, California.

14. PLAINTIFFS are informed and believe and on such information and belief allege that Defendant, UNITED STATES ARMY CORPS OF ENGINEERS, is the Civil Works Department of the United States Army having Headquarters located in Washington, DC, and a San Francisco District Regulatory Branch Office located in San Francisco, California.

15. PLAINTIFFS are informed and believe and on such information and belief allege that DEFENDANTS DOES 1-10, Inclusive, respectively, are entities, who are, or were, responsible for, or in some way contributed to, the violations which are the subject of this Complaint. The names,

identities, capacities, and functions of defendants DOES 1-10, Inclusive are presently unknown to PLAINTIFFS. PLAINTIFFS shall seek leave of court to amend this Complaint to insert the true names of said DOE defendants when the same have been ascertained.

## V. GENERAL ALLEGATIONS

16. PLAINTIFFS are informed and believe and on such information and belief allege that Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is the federal agency ultimately responsible for implementation of the ESA with respect to terrestrial species.

17. PLAINTIFFS are informed and believe and on such information and belief allege that primary responsibility for ESA enforcement lies with Defendant UNITED STATES FISH & WILDLIFE SERVICE, which has jurisdiction over terrestrial species formally listed as threatened or endangered under the Federal ESA.

18. PLAINTIFFS are informed and believe and on such information and belief allege that Defendant UNITED STATES ARMY CORPS OF ENGINEERS is mandated to assert jurisdiction over traditional navigable waters and their tributary systems and adjacent wetlands; is responsible for identifying and certifying jurisdictional wetlands; and is responsible for issuing dredge and fill permits under Section 404 of the Clean Water Act.

19. PLAINTIFFS are informed and believe and on such information and belief allege that the situs of the violations of ESA complained of herein is the Laguna Vista building site located on property at 955, 995, and 997 Gravenstein Highway in the City of Sebastopol, California, Assessor's Parcel Numbers 004-390-003, 004-390-006, 004-390-009, 004-390-010, 004-390-011 and 151-010-012..

20. PLAINTIFFS are informed and believe and on such information and belief allege that the Laguna Vista Building Site, the situs of the ESA herein complained of, consists of 21.35 acres of grasslands containing seasonal vernal pools and wetlands, seasonal creeks, vernal pools and vernal swales with 1.84 acres certified as Jurisdictional Wetlands by Defendant UNITED STATES ARMY CORPS OF ENGINEERS.

21. PLAINTIFFS are informed and believe and on such information and belief allege that the developers of the Laguna Vista Project on the Laguna Vista building site have applied to Defendant

UNITED STATES ARMY CORPS OF ENGINEERS for a dredge and fill permit under Section 404 of the Clean Water Act.

22.  PLAINTIFFS are informed and believe and on such information and belief allege that the harm caused by DEFENDANTS' violations as alleged in this Complaint is ongoing; that the Laguna Vista Project is still viable; and, that the violations of DEFENDANTS complained of herein remain in effect.

**VI.  STATUTORY AND REGULATORY BACKGROUND**

23.  The purpose of the ESA is to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, to provide a program for the conservation of such endangered species." 16 U.S.C § 1531(b). The ESA defines "conservation" to mean "use of all methods and procedures which are necessary to bring any endangered or threatened species to the point at which" the species no longer needs to be protected under the ESA.  16 U.S.C. § 1532(3).

24.  The Sebastopol meadowfoam is listed as a Federal Endangered Species under the ESA of 1973, as amended (16 U.S.C. § 1531 et seq). (Federal Register 6:61173; December 2, 1991).  The Laguna Vista building site lies within the range of several endangered species of plants, including the Sebastopol Meadowfoam.

25.  Section 7 of the ESA, 16 U.S.C. § 1536 imposes three distinct duties on all federal agencies:
   a.   the affirmative duty to conserve listed species - ESA §  7(a)(1);
   b.   the duty to ensure no jeopardy to listed species; and,
   c.   the duty to ensure no adverse modification or destruction of designated critical habitat - ESA §  7(a)(2).

26.  ESA § 7 requires each Federal agency to consult with the appropriate Service (United States Fish and Wildlife Service for terrestrial species and the National Oceanic and Atmospheric Administration for marine species) to insure that any action authorized, funded, or carried out by such agency is not likely to jeopardize the continued existence of any endangered species or threatened species, or result in the destruction or adverse modification of habitat of such species. ESA § 7(a)(1); 16 USC 1536 (a)(2).

27. Federal agency "actions" are defined broadly as "all activities or programs of any kind authorized, funded, or carried out, in whole or in part, by federal agencies in the United States," including ongoing agency actions. 50 CFR § 402.02. Currently Defendants UNITED STATES FISH AND WILDLIFE SERVICE and UNITED STATES ARMY CORPS OF ENGINEERS have the discretion to deny or modify the Laguna Vista Project to protect the listed Sebastopol meadowfoam on the site. Thus both agencies are subject to ESA § 7 obligations.

28. A ESA § 7 Consultation requires that promptly after the formal consultation, the appropriate Service must provide the Federal agency and the applicant a written statement setting forth a Biological Opinion, setting forth a summary of the information on which the opinion is based, detailing how the agency action affects the species or its critical habitat. If jeopardy or adverse modification is found, the Secretary shall suggest those reasonable and prudent alternatives which can be taken by the Federal agency or applicant in implementing the agency action. ESA § 7(b)(3)(A); 1536(b)(3)(A).

29. To facilitate compliance with the requirements of ESA § 7(a)(2), each Federal agency asks the Service for information on whether any listed species may be present in the area of such proposed action. If the Service advises, based on the best scientific and commercial data available, that such species may be present, such agency shall conduct a biological assessment for the purpose of identifying any endangered species or threatened species which is likely to be affected by such action. ESA § 7 (c)(1); 16 U.S.C. 1536 (c)(1).

## VII. DEFENDANTS' VIOLATIONS

30. PLAINTIFFS are informed and believe and on such information and belief allege that despite the obligation of all federal agencies connected with the Laguna Vista Project to perform the duties set forth in ESA § 7, no formal Consultation has taken place regarding the presence of endangered Sebastopol meadowfoam on the Laguna Vista building site despite the facts, acknowledged by both Defendants UNITED STATES FISH AND WILDLIFE SERVICE and UNITED STATES ARMY CORPS OF ENGINEERS, that,

    a. the building site is in the range of Sebastopol meadowfoam;

    b. the building site includes suitable habitat for Sebastopol meadowfoam; and,

      c.      Sebastopol meadowfoam has been observed, historically and periodically, growing on the property.

31. On or about December 19, 2003, Defendant UNITED STATES ARMY CORPS OF ENGINEERS sent a letter to Defendants UNITED STATES DEPARTMENT OF THE INTERIOR and UNITED STATES FISH AND WILDLIFE SERVICE requesting a 'Not Likely to Adversely Affect Determination for the Proposed Laguna Vista Project, Sonoma County California' (UNITED STATES ARMY CORPS OF ENGINEERS File # 25871N), despite the fact that such a determination applies only when a species does not occur on a quad sheet or is known to be entirely lacking in potential habitat (rule of reason, preponderance of evidence), and thus does not apply to this building site which is in the range of the Sebastopol meadowfoam, includes suitable habitat, and for which there exists past documented presence of Sebastopol meadowfoam in violation of ESA § 7(a)(2); 16 U.S.C. § 1536(a)(2).

32. On or about March 12, 2004 Defendants UNITED STATES DEPARTMENT OF THE INTERIOR and UNITED STATES FISH AND WILDLIFE SERVICE sent to Defendant UNITED STATES ARMY CORPS OF ENGINEERS a letter stating that the proposed Laguna Vista Project was "not likely to adversely affect" ("NLTAA") the Sebastopol meadowfoam, in violation of ESA § 7(a)(2); 16 U.S.C. § 1536(a)(2). A NLTAA determination applies only when a species does not occur on a quad sheet or is known to be entirely lacking in potential habitat (rule of reason, preponderance of evidence), and does not apply to the Laguna Vista building site which includes suitable habitat, and past documented presence of Sebastopol meadowfoam.

33. In determining that the Laguna Vista Project was "not likely to adversely affect" the Sebastopol meadowfoam, DEFENDANTS relied on several plant surveys sited by Defendant UNITED STATES FISH AND WILDLIFE SERVICE in its March 4, 2004 NLTAA letter. These surveys were not reliable. Most of the surveys were conducted by Golden Bear Biostudies ("GBB") and paid for by Schellinger Brothers, an interested party. Survey protocols either were not routinely followed, were inconsistent with accepted, standard, rare plant survey protocols required by the California Department of Fish & Game ("DFG") or the California Native Plant Society, or, were simply not stated. Some surveys were at odds with the season, meaning the resulting survey was

limited by water covering the ground or was conducted outside the Sebastopol meadowfoam's flowering season. Also, by the time these surveys began, the Laguna Vista building site was being mowed routinely and thoroughly by either the landowner or the developer. In violation of ESA § 7(a)(2), 16 U.S.C. § 1536(a)(2) DEFENDANTS maintained their position of "no affect" even after the defects of the plant surveys were brought to their attention by the City of Sebastopol and by several concerned citizens.

34. On or about April 19, 2005, Dr. Philip Northen identified Sebastopol meadowfoam on the Laguna Vista building site and immediately notified Defendant UNITED STATES FISH AND WILDLIFE SERVICE. DFG and several concerned citizens communicated with both Defendants UNITED STATS FISH AND WILDLIFE SERVICE and UNITED STATES ARMY CORPS OF ENGINEERS about the occurrence of the Sebastopol meadowfoam in both of the areas on the Laguna Vista building site certified as jurisdictional wetlands. On or about May 18, 2005, agents of DEFENDANTS informed GBB that Consultation might be warranted. However, PLAINTIFFS are informed and believe and on such information and belief allege that such Consultation did not occur and that said DEFENDANTS allowed the "no affect" determination to stand in violation of ESA § 7(a)(2); 16 U.S.C.. § 1536(a)(2).

35. An optional process to a formal Consultation is the informal consultation. 50 CFR § 402.13(a). DEFENDANTS appear to have relied on an informal consultation in violation of ESA § 7, which requires a Biological Assessment when a listed species or critical habitat may be present in the action area. The record indicates the presence of Sebastopol meadowfoam and the absence of an agency Biological Assessment for the Laguna Vista Project in violation of 16 U.S.C. 1536 (c)(1).

36. PLAINTIFFS are informed and believe and on such information and belief allege that the Laguna Vista Project has had an adverse affect on the listed Sebastopol meadowfoam, and that this adverse affect is likely to be repeated. Therefore a formal ESA § 7 Consultation was required as well as a Biological Assessment. The record indicates no Biological Assessment, in violation of 16 U.S.C. § 1536(c)(1); 50 CFR § 402.12(a).

37. PLAINTIFFS are informed and believe and on such information and belief allege that the Laguna Vista Project has had an adverse affect of the listed Sebastopol meadowfoam and that this

adverse affect is likely to be repeated. Therefore a Biological Opinion evaluating the effects of the proposed Laguna Vista Project was also required. The record indicates no Biological Opinion, in violation of 50 CFR § 402.14(c).

38. The enumerated violations of DEFENDANTS are detailed in the NOTICE, attached to this Complaint as Exhibit A, and incorporated herein by reference, and below.

39. DEFENDANTS' violations are ongoing and may continue after the filing of this Complaint. PLAINTIFFS allege herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available to PLAINTIFFS prior to the filing of this Complaint. PLAINTIFFS will file additional amended complaints to address Federal and/or State violations by DEFENDANTS that may occur after the filing of this Complaint.

40. PLAINTIFFS are informed and believe, and on such information and belief allege and aver, that without the imposition of appropriate civil penalties and issuance of appropriate equitable relief, DEFENDANTS will continue to violate the ESA and State law with respect to the endangered species Sebastopol meadowfoam on the Laguna Vista building site. PLAINTIFFS are further informed and believe, and on such information and belief allege, that the relief requested in this Complaint will redress the injury to PLAINTIFFS and the public, prevent future injury and protect the interests of PLAINTIFFS and the public whose interests are, or may be, adversely affected by DEFENDANTS' violations as set forth in this Complaint.

### VIII. FIRST CLAIM FOR RELIEF - ESA § 7(a)(1), 16 U.S.C. § 1536(a)(1)

41. PLAINTIFFS incorporate the allegations set forth above in Paragraphs 1 through 40 and Exhibit A as though fully set forth herein. PLAINTIFFS are informed and believe, and based on such information and belief allege as follows:

42. DEFENDANTS have violated ESA § 7(a)(1), by failing to consult using the best scientific and commercial data available in violation of 16 U.S.C. § 1536(a) (1).

### VIII. SECOND CLAIM FOR RELIEF - ESA § 7(b)(3)(A), 16 U.S.C. § 1536(b)(3)(A)

43. PLAINTIFFS incorporate the allegations set forth above in Paragraphs 1 through 42 and Exhibit A as though fully set forth herein. PLAINTIFFS are informed and believe, and based on such information and belief allege as follows:

44. DEFENDANTS have violated ESA § 7(b)(3)(A), by failure to provide Defendant UNITED STATES ARMY CORPS OF ENGINEERS and the applicant a written Biological Opinion in violation of 16 U.S.C. § 1536 7(b)(3)(A).

**VIII. THIRD CLAIM FOR RELIEF - ESA § 7(c)(1), 16 U.S.C. § 1536(c)(1)**

45. PLAINTIFFS incorporate the allegations set forth above in Paragraphs 1 through 44 and Exhibit A as though fully set forth herein. PLAINTIFFS are informed and believe, and based on such information and belief allege as follows:

46. DEFENDANTS have violated ESA § 7 (c)(1) by the failure of Defendant UNITED STATES ARMY CORPS OF ENGINEERS to ask Defendant UNITED STATES FISH AND WILDLIFE SERVICE for information on whether any listed species may be present in the area of the Laguna Vista building site when the applicant has requested a Section 404 permit under the Clean Water Act, and by the failure of the Service to conduct a Biological Assessment, using the best scientific and commercial data, for the purpose of identifying any endangered species likely to be affected by the agency action, in violation of 16 U.S.C. § 1536 (c)(1).

**IX. PRAYER FOR RELIEF**

PLAINTIFFS pray this Court grant the following relief:

47. Declare DEFENDANTS to have violated and to be in violation of the ESA;

48. Issue an injunctive order requiring DEFENDANTS to enter into a Consultation, and issue the appropriate written statements.

49. Issue an injunctive order requiring Defendant UNITED STATES FISH AND WILDLIFE SERVICE to provide Defendant UNITED STATES ARMY CORPS OF ENGINEERS and the applicant a written Biological Opinion.

50. Issue an injunctive order requiring Defendant UNITED STATES ARMY CORPS OF ENGINEERS to request information from Defendant UNITED STATES FISH AND WILDLIFE SERVICE on whether any listed species may be present in the area of the Laguna Vista project when the applicant has requested a Section 404 permit under the Clean Water Act.

51. Issue an injunctive order requiring DEFENDANTS to conduct a biological assessment, using

the best scientific and commercial data, for the purpose of identifying any endangered species likely to be affected by the agency action.

52. Issue an injunctive order requiring the Laguna Vista Project to immediately cease operations on all acres of the Laguna Vista building site until the proposed development project is in compliance with the ESA;

53. Order DEFENDANTS to pay PLAINTIFFS' reasonable attorneys' fees and costs (including expert witness fees), as provided by 16 U.S.C. § 1540 (g)(3)(A)(4) and applicable California law; and,

54. Grant such other and further relief as may be just and proper.

DATED: September 28, 2007         LAW OFFICE OF JACK SILVER

By: _____
JACK SILVER
Attorney for Plaintiffs
NORTHERN CALIFORNIA RIVER WATCH, ROBERT. G. EVANS, DOUGLAS RAND EMERY